UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DAVE ANDRE TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 11-076-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RAY ORMOND, Acting Warden | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Dave Andre Taylor ("Taylor"), an individual currently incarcerated in the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky, has filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the enhancement of his federal sentence.[1] For the reasons set forth below, Taylor is not entitled to relief under § 2241, and the Court will deny his petition and dismiss this proceeding.

**I.**

On May 5, 1999, Taylor and several co-defendants were indicted by a grand jury in the United States District Court for the Eastern District of Virginia for various drug offenses, in

---

[1] As the $5.00 filing fee has been paid, the Court screens the petition to determine whether Black is entitled to relief under § 2241. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b))*; see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

1

violation of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. §§ 2, 924(c), and 1503.  Taylor proceeded to trial, but on the second day of trial, he advised the Court that he had entered into a plea agreement with the United States and desired to plead guilty to Counts 1 and 12 of the superseding indictment.  The Court accepted his guilty plea and discharged the jury.

On March 31, 2000, the trial court sentenced Taylor under the Career Offender Guidelines, U.S.S.G. § 4B1.1, and imposed a life sentence of imprisonment on Count 1,[2] a 60-month consecutive sentence on Count 12, and a three-year term of supervised release.  At sentencing, all other counts of the indictment and superseding indictment were dismissed on the United States' oral motion.

Taylor appealed, but his conviction and sentence were affirmed.  Subsequently, Taylor moved to vacate or set aside his sentence, pursuant to 28 U.S.C. § 2255.  The trial court denied that motion, and the denial was affirmed on appeal.  More recently, on April 12, 2011, the trial court denied Taylor's motion for a reduction of sentence, pursuant to 18 U.S.C. §3582(c), by application of the Retroactive Crack Amendment to the Sentencing Guidelines.  That ruling was also affirmed on appeal.

**II.**

Taylor alleges that the trial court improperly enhanced his sentence to a life sentence on Count 1 and that he should have been sentenced under a guideline range of 324-405 months.  Taylor claims that he is "actually innocent" of the life sentence imposed pursuant to 21 U.S.C. § 841(b)(1)(A)(iii) and requests that he be resentenced on Count 1 to a sentence of 324 months.

---

[2] U.S.S.G. § 4B1.1 authorizes a maximum sentence of Life for a defendant with an Offense Level of 37 or more.  At the time of sentencing, Taylor's Offense Level was 41.

Taylor may not challenge his enhanced sentence in this § 2241 habeas proceeding. Such claims must be pursued by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

The narrow "safety valve" provision found in § 2255(e) permits a prisoner to challenge the legality of his conviction through a § 2241 petition only when his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. The Sixth Circuit permits a prisoner to take advantage of this provision only where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."). As explained below, that situation is not present in this case.

Taylor's challenge to his sentence, as opposed to his conviction, does not fall within the scope of the narrow exception. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *United States v. Poole*, 531 F .3d 263, 267 n.7 (4th Cir. 2008) (holding that federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the

3

savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed.").

This Court has applied this rule to challenges to sentencing enhancements, an approach the Sixth Circuit has approved. *Cf. Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (holding that claim that sentencing court improperly enhanced sentence based upon prior state conviction is not cognizable under § 2241).

Recently, in *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011), the Eleventh Circuit affirmed the district court's denial of the defendant's § 2241 petition and held that the exception contained in 28 U.S.C. § 2255(e) does not permit a federal prisoner to challenge his sentence in a § 2241 petition when he cannot raise that challenge in a § 2255 motion because of the §2255(h) bar against second and successive motions, at least where the sentence the prisoner is challenging does not exceed the statutory maximum.[3] Consistent with *Gilbert*, Taylor's claim may not be pursued in this habeas proceeding pursuant to 28 U.S.C. § 2241.

Because Taylor has not shown that he is actually innocent of being a career offender under 21 U.S.C. § 841(b)(1)(A) or that a retroactively applicable Supreme Court decision affords him relief, the exception contained in § 2255(e) does not apply. Taylor's § 2241 petition will be denied, and this action will be dismissed.

### III.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

1. Dave Andre Taylor's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [R. 2], is **DENIED**;

---

[3] After application of the retroactive Crack Amendment to the Sentencing Guidelines, Taylor's Offense Level was reduced from 41 to 39. Nevertheless, since his Offense Level of 39

4

  2. This action will be **DISMISSED**, *sua sponte*, with prejudice from the docket; and,

  3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Ray Ormond, Acting Warden at USP-McCreary.

 This, the 29th day of November, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge

---

remains greater than an Offense Level of 37, his life sentence on Count 1 does not exceed the statutory maximum.

5